*In re* VOLLMAR ESTATE

Docket No. 98477. Submitted November 1, 1988, at Lansing. Decided
March 20, 1989.

Otto C. Vollmar died testate. His widow, Opal Vollmar, subsequently was adjudged to be a legally incompetent person. Forrest T. Walpole was appointed by the Tuscola County Probate Court to act as personal representative of the estate of Otto Vollmar and as conservator of the estate of Opal Vollmar. George A. Holmes, an attorney acting as guardian ad litem for Opal Vollmar, elected to abide by the terms of the will. No objections were filed and Otto's estate was administered pursuant to the terms of the will. John C. Neeb, II, subsequently was appointed successor conservator of Opal's estate to replace Walpole pursuant to agreement of the parties. Neeb filed a petition for summary disposition asking that an order be entered declaring the previous election to be invalid and allowing Neeb to file a spouse's election to take against the terms of the will. The court, George E. Benko, J., granted the petition in both respects. Forrest T. Walpole, as personal representative of the estate of Otto C. Vollmar, appealed.

The Court of Appeals *held:*

1. The probate court's order setting aside the election made by the guardian ad litem without specific authority from the court was correct. The right of election is personal to the wife and is not assignable by her. If she is incompetent, election cannot be made by her guardian without authority to do so from the court having charge of her.

2. Mere passage of time does not operate to make valid the exercise of election.

3. The court erred in failing to conduct an evidentiary hearing before holding that Opal should take against the terms of the will. The Revised Probate Code clearly states that there must be a finding that exercise of the right of election is necessary to provide adequate support for the legally incapaci-

REFERENCES

Am Jur 2d, Wills §§ 1610, 1614, 1615.

Who may make election for incompetent to take under or against
will. 21 ALR3d 320.

tated person during that person's life expectancy before the right may be exercised. That portion of the probate court's order granting the election to take against the terms of the will is reversed and remand to the court for a hearing to comply with the statute is ordered.

Affirmed in part, reversed in part, and remanded.

WILLS — SPOUSE'S ELECTION — LEGALLY INCAPACITATED PERSONS.

The right of election by a surviving spouse may be exercised in the case of a legally incapacitated person only by order of the court in which a proceeding as to that person's property is pending, after finding that exercise of the right of election is necessary to provide adequate support for the legally incapacitated person during that person's life expectancy (MCL 700.282[4]; MSA 27.5282[4]).

*George A. Holmes,* for Forrest T. Walpole, personal representative of the estate of Otto C. Vollmar, deceased.

*Brian R. Schrope,* for John C. Neeb, II, conservator of the estate of Opal D. Vollmar, a legally incapacitated person.

Before: SAWYER, P.J., and BEASLEY and A. L. GILBERT,* JJ.

BEASLEY, J. Appellant, Forrest T. Walpole, personal representative of the estate of Otto C. Vollmar, deceased, appeals from an order of the Tuscola County Probate Court which set aside a notice of spouse's election that had been previously entered pursuant to MCL 700.282; MSA 27.5282. Appellees are John C. Neeb, II, conservator of the estate of Opal Vollmar, a legally incapacitated person and surviving widow of Otto C. Vollmar, William C. Vollmar, and Virginia Henry, they being a son and daughter, respectively, of Otto and Opal Vollmar. On appeal, appellant raises two issues.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Otto C. Vollmar died testate on October 7, 1984. Subsequently, the surviving widow, Opal Vollmar, was determined to be legally incompetent and her daughters, Eileen Greenleaf and Virginia Henry, were appointed coguardians of Opal Vollmar and Forrest T. Walpole was appointed conservator of her estate. On November 5, 1984, George A. Holmes, an attorney acting as guardian ad litem of Opal Vollmar, recommended that Otto's will be admitted to probate and that Opal not elect to take against the will nor request a spouse's allowance. On December 12, 1984, George A. Holmes, as guardian ad litem, acknowledged receipt of a notice of the spouse's election and made the election to "abide by the terms of the will." In October, 1985, John C. Neeb, II, was appointed successor conservator of Opal's estate, and on October 6, 1986, he filed a petition to set aside the spouse's election. On January 19, 1987, an order was entered setting aside the spouse's election previously made by the guardian ad litem and providing that Opal Vollmar could elect to take against the terms of the will. It is from that order that appellant appeals.

MCL 700.282; MSA 27.5282 of the Revised Probate Code provides for election by a surviving spouse. Pertinent to the within case is MCL 700.282(4); MSA 27.5282(4), which provides:

(4) In the case of a legally incapacitated person, the right of election may be exercised only by order of the court in which a proceeding as to that person's property is pending, after finding that exercise is necessary to provide adequate support for the legally incapacitated person during that person's life expectancy.

The cited statute codifies the Supreme Court decision in *Vanderlinde v Bankers Trust Co of*

*Muskegon,* 270 Mich 599, 606; 259 NW 337 (1935), where the Supreme Court said:

> The right of election is personal to the wife and is not assignable by her. . . . On her death it does not pass to her representatives or heirs. . . . Where a wife is insane or incompetent, she does not lose the right of election but it may remain in abeyance until her restoration to competency. During her incompetency, election cannot be made by her guardian alone but may be made by him only upon authority of the court having charge of her. . . . Nor does the right of election pass to the representatives or heirs of the wife on her death, although she was insane from the time election first could have been made to the time she died. . . .
>
> Many States have statutes substantially identical with ours in providing for election by the wife. The decisions are uniform in holding the right is personal to her and ceases at her death. [Citations omitted.]

We believe that that portion of the probate court order setting aside the election made by the guardian ad litem, where that election was made without specific authority from the court, was correct and in accord with the statute and decision cited. We do not find persuasive appellant's claim that the mere passage of time operated to make valid the exercise of election. We find no authority supporting such a position.

Second, appellant claims that the probate court erred in failing to conduct an evidentiary hearing before holding that the surviving widow, Opal Vollmar, should take against the terms of the will. The language of subsection (4) quoted above is clear that there must be a finding that "exercise is necessary to provide adequate support" for the legally incapacitated person during that person's

life expectancy. Consequently, we set aside that portion of the probate court's order granting the election to take against the terms of the will and remand for a hearing to comply with the statute.

In summary, we affirm the probate court's order setting aside the spouse's election previously made by the guardian ad litem and remand this matter to the probate court for a hearing to determine whether the subsequent exercise of the election was necessary to provide adequate support for the surviving widow, Opal Vollmar.

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.